IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SUNG MOON AND JIN MOON**                                    **PLAINTIFFS**

V.                                    NO. 2:05CV00064 JMM

**JAE BOON CHEA AND MYUNG CHEA**                              **DEFENDANTS**

### ORDER

Pending is Plaintiffs' renewed motion for summary judgment. (Docket # 29). For the reasons set forth herein, Plaintiffs' motion is denied.

### Facts

On or about April 16, 2002 Plaintiffs purchased from the Defendants an ongoing business and certain inventory and equipment located at 105 East Broadway Street, Forrest City, Arkansas, which is a Shell Super Stop. Plaintiffs paid the Defendants $250,000.00 for the equipment and personal property listed in a buy-sell agreement that was prepared by Attorney Ann Hudson. Plaintiffs contend that the Defendants repeatedly represented to both the Plaintiffs and Ms. Hudson that no liens, debts or encumbrances were attached to the equipment and personal property conveyed in the buy -sell agreement. The Defendants deny this allegation and state that they advised the Plaintiffs of the Community Bank & Trust lien as well as the fact that the gas tanks and gas pumps belong to Coulson Oil Company.

The Plaintiffs also leased the real property at 105 East Broadway Street from the Defendants in the transaction. Plaintiffs contend that the Defendants represented to them and Ms. Hudson that they owned the real property free and clear of any liens or encumbrances and

purported to grant the Plaintiffs a right-of-first-refusal should they decide to sell the property while the Plaintiffs remained as tenants. Defendants deny this allegation as well, stating that they advised the Plaintiffs of the Community Bank & Trust lien as well as the fact that the gas tanks and gas pumps belong to Coulson Oil Company.

Plaintiffs contend that the Defendants misrepresented the status of outstanding liens against both the real and personal property. At the time of the transaction lienholders against the real and personal property included Community Bank & Trust, the Internal Revenue Service, the State of Arkansas, St. Francis County and Coulson Oil. Plaintiffs also contend that in an effort to conceal their fraud, the Defendants told the Plaintiffs and Ms. Hudson that no title search was necessary since no liens or debts encumbered either the real or personal property. Defendants admit the outstanding security interests of Community Bank & Trust and notices of delinquent taxes of the Internal Revenue Service and the State of Arkansas but deny the remaining allegations.

Plaintiffs also contend that the Defendants asked them to sign a management agreement which instructed the Plaintiffs to make misrepresentations to a bank should that bank ask questions about the Defendants interest in the property.

Plaintiffs allege that they relied upon the Defendants misrepresentations and paid $250,000.00 cash to the Defendants under false pretenses for personal property that was encumbered by liens, and approximately $250,000.00 for rent since the date of the transaction. Plaintiffs' complaint alleges causes of action for fraud and deceptive trade practices. Plaintiffs contend that they are entitled to summary judgment on their claim of common law fraud at this time.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

The tort of fraud consists of five elements that the plaintiff must prove: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Tyson Foods, Inc. v. Davis,* 347 Ark. 566, 580, 66 S.W.3d 568, 577 (2002). Plaintiffs argue that no genuine issues of fact exist which would preclude the entry of summary judgment on this claim.

Defendants deny any misrepresentation and claim that they advised the Plaintiffs of the Community Bank & Trust lien as well as the fact that the gas tanks and gas pumps belong to Coulson Oil Company. Plaintiffs argue that this evidence should be precluded by the parol evidence rule. "Where a contract is plain and unambiguous on its face, parol evidence is not admissible to contradict or add to the written contract. *Hagans v. Haines*, 64 Ark.App. 158, 984 S.W.2d 41 (1998). The parol evidence rule is a substantive rule of law in which all antecedent proposals and negotiations are merged into the written contract and cannot be added to or varied by parol evidence. *Id*. The premise of the parol evidence rule is that the written agreement itself is the best evidence of the intention of the parties. *Id*. In the absence of fraud, accident, or mistake, a written contract merges and, thereby, extinguishes all prior and contemporaneous negotiations, understandings, and verbal agreements of the same subjects. *Hale-Hines v. Hale,* 2007 WL 404757, 2 (Ark.App.,2007).

Defendants also contend that Plaintiffs were on constructive notice of the liens pursuant to Ark. Code Ann. §14-15-404(a) which provides:

> Every deed, bond, or instrument of writing affecting the title, in law or equity, to any real or personal property within this state which is, or may be, required by law to be acknowledged or proved and recorded shall be constructive notice to all persons from the time the instrument is filed for record in the office of the county recorder of the proper county.

The Court finds that genuine issues of fact exist which preclude the entry of summary judgment. Defendants deny that they made material misrepresentations and based upon the language barrier that exists in this case, the Court finds that a question of fact exists as to whether such false representations were made. Accordingly, accident or mistake could provide a basis for the Court to consider the oral testimony of the Defendants. Finally, the Court finds a question of fact exists as to whether the Plaintiffs justifiably relied on the alleged statements of Defendants and whether Plaintiffs were on constructive notice of the recorded liens. Accordingly, Plaintiffs' motion for summary judgment, docket # 29, is denied.

IT IS SO ORDERED this 24th day of September, 2007.

*James M. Moody*
United States District Judge